

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00264-CR

**CYNTHIA STALEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

#### From the 52nd District Court
#### Coryell County, Texas
#### Trial Court No. 23,333

## MEMORANDUM OPINION

Appellant Cynthia Ann Staley pleaded guilty pursuant to a plea agreement to possession with intent to deliver a controlled substance in the amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2017). The trial court deferred an adjudication of guilt and placed Staley on community supervision for five years. The State later moved to proceed to an adjudication of guilt. The motion alleged that Staley violated a condition of her community supervision because she admitted to her community supervision officer that she had used

methamphetamine. Staley pled "true" to the allegation. The trial court thereafter adjudicated Staley guilty and sentenced her to seven years' imprisonment. This appeal ensued. We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Staley's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Staley's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief, counsel's motion to withdraw, and the appellate record on Staley; and (3) informed Staley of her right to review the record and to file a *pro se*

response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Staley has not filed a *pro se* response. *See Schulman*, 252 S.W.3d at 409.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Staley's attorney has asked this Court for permission to withdraw as counsel for Staley. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of

this opinion and this Court's judgment to Staley and to advise her of her right to file a petition for discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2018
Do not publish
[CR25]



---

[1] No substitute counsel will be appointed.  Should Staley wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.